**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EAT WELL INVESTMENT
GROUP, INC.,

Plaintiff,

v. Case No. 8:25-cv-35-KKM-AEP

TRxADE HEALTH, INC. n/k/a
SCIENTURE HOLDINGS, INC. et al.,

Defendants.

---

**ORDER**

TRxADE Health, Inc., now known as Scienture Holdings, Inc., objects to the magistrate judge's order granting in part Eat Well Investment Group, Inc.'s motion for sanctions. *See* Objs. (Doc. 149); Order (Doc. 145). I sustain the objections and modify the order as explained below.

## I. BACKGROUND

Unsatisfied with the consideration it received from the June 2023 sale of its subsidiary, Eat Well sued the defendants in January 2025. *See* Compl. (Doc. 1). Relevant here, at least some of the defendants and other personnel at Scienture used email accounts housed in the trxade.com domain. Eat Well believes these email accounts included communications that are relevant to its claims. *See* Mot. (Doc. 98) at 1–2. In February 2024, Scienture entered into an

agreement to sell "substantially all of the assets of Trxade, Inc." Scienture Resp. (Doc. 108) at 12. This included the trxade.com domain and the associated email inboxes, which were transferred in early June 2024. *See id.* at 13.

Eat Well moved for sanctions premised on Scienture's alleged failure to preserve the emails in accordance with Federal Rule of Civil Procedure 37(e). *See* Mot. at 1, 7–13. Later, Eat Well moved for leave to file a reply in support of the motion for sanctions, which the magistrate judge granted. *See* (Docs. 117, 119). In its reply, Eat Well argued, seemingly for the first time, that Federal Rule of Civil Procedure 26 provided separate grounds for sanctions related to the alleged spoliation. *See* Reply (Doc. 126) at 8–12.

The magistrate judge denied sanctions on this basis because the duty to preserve was not triggered before Scienture sold and transferred the trxade.com domain. Order at 4–6. Neither party objects to this portion of the order. The magistrate judge granted the motion for sanctions based on Eat Well's Rule 26 argument. *See id.* at 6–7. The magistrate judge directed that the parties engage in limited additional discovery, which has since concluded. *See id.* at 7–8; Eat Well Resp. (Doc. 153) at 9. The magistrate judge also denied without prejudice the motion's request for attorney's fees, deferring the issue until the conclusion of the additional discovery. *See* Order at 7–8.

Scienture objects to the order because it "seems to imply an unstated duty in Rule 26 that a party must disclose in its initial disclosures the pre-suit

loss of data that it does not intend to use" and "likewise implies a duty to disclose the pre-suit loss of data in a response to a Rule 34 request for production." Objs. at 1. Eat Well responds in opposition to Scienture's objections. *See* Eat Well Resp.

## II. LEGAL STANDARD

Rule 72 permits objection to a magistrate judge's non-dispositive orders and provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). The clear error standard is "highly deferential." *See Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). For a finding to be clearly erroneous, the district court must be "left with the definite and firm conviction that a mistake has been committed." *Id.*

## III. ANALYSIS

The magistrate judge's order found that "Scienture failed to disclose the loss of the @trxade.com domain and associated emails throughout the discovery period," including in "Scienture's initial disclosures and its responses to Eat Well's Requests for Production." Order at 7. The magistrate judge relied on *Harkabi v. SanDisk Corp.*, 275 F.R.D. 414 (S.D.N.Y. 2010), which Eat Well cited in support of its motion. *See* Order at 6–7.

I agree with Scienture that it was not obligated to inform Eat Well of the transfer of the trxade.com domain through initial disclosures or in response to Eat Well's requests for production. In relevant part, initial disclosures are limited to "all documents, electronically stored information, and tangible things that the disclosing party *has* in its possession, custody, or control and *may use* to support its claims or defenses[.]" FED. R. CIV. P. 26(a)(1)(A)(ii) (emphasis added); *see also* FED. R. CIV. P. 26(a)(1)(A)(i) (similarly limiting the identification of individuals "likely to have discoverable information" to people with information "that the disclosing party *may use* to support its claims or defenses" (emphasis added)).

Here, Scienture represents that it never intended to use emails associated with the trxade.com domain in its defense. Objs. at 5. Eat Well resists this assertion and points to Scienture's hiring a forensic IT specialist to attempt to recover the emails in August 2024. *See* Eat Well Resp. at 1, 8. The specialist could not recover any of the emails. *See id.* at 1. The fact that Scienture thought in August 2024 that there might be relevant documents in the trxade.com domain has no bearing on whether Scienture intended to use the information, which, again, no longer existed, when it made its initial disclosures in this action, which began in January 2025. *See id.* at 1, 8.

I also agree with Scienture that Rule 34 did not obligate it to inform Eat Well of the transfer of the trxade.com domain. Rule 34 does not obligate the

responding party to create new documents for production. *See, e.g.*, FED. R. CIV. P. 34(a)(1) (requiring production of "the following items in the responding party's possession, custody, or control"); *Byte Fed., Inc. v. Lux Vending LLC*, No. 8:23-CV-102-MSS-SPF, 2024 WL 4932754, at *3 (M.D. Fla. Dec. 2, 2024); *Kaplan v. Kaplan*, No. 2:10-CV-00237-CEH-SPC, 2010 WL 11474437, at *1 (M.D. Fla. Oct. 8, 2010). Eat Well makes much of an "instruction" that accompanied its requests for production and that told Scienture to inform it of what became of any responsive documents no longer in Scienture's possession or that no longer existed. *See* Resp. at 5. But this improperly sought to require Scienture to produce a new document. A Rule 33 interrogatory was the proper vehicle for such a request.

*Harkabi* does not persuade otherwise. There, as the magistrate judge's order acknowledged, the sanctioned party made affirmative misrepresentations that are not present here. *See* Order at 7. Notably, the sanctioned party always possessed the purportedly lost emails. *See Harkabi*, 275 F.R.D. 414, 417–18 (S.D.N.Y. 2010). The sanctioned party was, "[a]t a minimum," negligent in searching its own files and incorrectly represented the scope of its own search and that the emails no longer existed. *Id.* at 417–19. It was only after the opposing party engaged in costly efforts that the sanctioned party discovered the lost emails. *See id.* at 417–18. These facts differ from those presented here.

Although Eat Well appears to contend that Scienture made misrepresentations, I disagree that the identified statements from Scienture amount to descriptions of the trxade.com domain emails or otherwise represented that Scienture still had possession of the domain and would search it for responsive emails and documents. *See* Eat Well Resp. at 2, 3–4. First, Scienture merely stated that it had “emails, correspondence, documents, and other [ESI]” that it might use in its defense, which it would make available to Eat Well. *See id.* at 3 (describing the initial disclosures). Second, Scienture’s responses to the requests for production represented that Scienture would search “its electronically-stored information” and produce responsive items. *See id.* at 4. Neither statement represented to Eat Well that Scienture still possessed the trxade.com domain or would search it.

I agree with Scienture that there is no basis under Rule 26 or Rule 34 to require it to pay Eat Well’s attorney’s fees in connection with the motion.

Accordingly, it is **ORDERED**:

1. Scienture’s Objections (Doc. 149) are **SUSTAINED**.
2. The Magistrate Judge’s Order on the Motion for Sanctions (Doc. 145) is **MODIFIED** to reflect that the request for attorney’s fees in the Motion for Sanctions is denied with prejudice.

**ORDERED** in Tampa, Florida, on August 13, 2026.

Kathryn Kimball Mizelle
United States District Judge